UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RADIANSE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 10-10120-RGS |

### ANSWER

Defendant Twin City Fire Insurance Company ("Twin City"), by and through its counsel, answers the Complaint (the "Complaint") of Radianse ("Plaintiff" or "Radianse") as follows:

### The Parties

1. Twin City lacks knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 1 of the Complaint.

2. To the extent that the allegations in Paragraph 2 of the Complaint assert legal conclusions, no response is required.  To the extent that a response is required, Twin City admits that Twin City is an Indiana corporation.  Twin City denies that it has a principal place of business in Indiana and asserts that it has a principal place of business in Hartford, Connecticut.

### Venue and Jurisdiction

3. To the extent that the allegations in Paragraph 3 of the Complaint assert legal conclusions, no response is required.  To the extent that a response is required, Twin City admits that the complaint purports to allege the jurisdictional basis of the claims, admits that the

Complaint alleges a controversy in excess of $75,000 and otherwise denies the allegations contained in Paragraph 3 of the Complaint.

4. To the extent that the allegations in Paragraph 4 of the Complaint assert legal conclusions, no response is required. To the extent that a response is required, Twin City admits that the plaintiff resides in the District of Massachusetts and denies that Plaintiff suffered damages.

5. Twin City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Twin City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Twin City admits that AccountAbility Outsourcing, Inc. filed Civil Action No 08-1379-F in Superior Court for the Commonwealth of Massachusetts, which was styled *AccountAbility Outsourcing, Inc. v. Marcou et al.* (the "AccountAbility Action").

8. The allegations of the complaint filed in the AccountAbility Action speak for themselves. To the extent that the allegations in Paragraph 8 of the Complaint require a response, Twin City admits that Exhibit A of the Complaint is a true copy of the complaint filed in the AccountAbility Action.

9. Twin City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Twin City admits that it issued policy number KB 0222077 to Radianse (the "Policy").

11. Twin City admits the allegations contained in Paragraph 11 of the Complaint.

12. Denied.

13. Twin City admits the allegations contained in Paragraph 13 of the Complaint.

14. Twin City admits that it has denied coverage for defense and indemnification costs associated with the AccountAbility Action for the reasons set forth in its August 20, 2008 letter to Radianse. A true copy of the August 20, 2008 letter is attached hereto as Exhibit A and is incorporated herein.

15. Twin City admits the allegations contained in Paragraph 15 of the Complaint.

16. Twin City admits that it denied coverage for the AccountAbility Action for the reasons contained in its August 20, 2008 letter, a copy of which is attached hereto as Exhibit A.

17. Twin City admits that it denied coverage for the AccountAbility Action for the reasons contained in its August 20, 2008 letter, a copy of which is attached hereto as Exhibit A. The reasons for Twin City's denial of coverage are not limited to the reasons alleged in Paragraph 17.

18. To the extent that the allegations in Paragraph 18 assert legal conclusions concerning Radianse's rights under the Policy, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 18 of the Complaint.

19. This paragraph summarizes Plaintiff's contentions and asserts conclusions of law that do not require a response from Twin City. To the extent that a response is required, Twin City denies the allegations in Paragraph 19 of the Complaint.

20. To the extent that the allegations in Paragraph 20 assert legal conclusions concerning Radianse's rights under the Policy, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 20 of the Complaint.

21. To the extent that the allegations in Paragraph 21 assert legal conclusions concerning Radianse's rights under the Policy, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 21 of the Complaint.

22. Twin City admits that the AccountAbility Action alleges violations of M.G.L. c. 93A, and otherwise denies the allegations of Paragraph 22.

23. To the extent that the allegations in Paragraph 23 assert legal conclusions concerning Radianse's rights under the Policy, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 23 of the Complaint.

## COUNT I
### Breach of Contract – Failure to Defend

24. Twin City repeats and incorporates as though set forth fully herein the responses contained in Paragraphs 1 through 23 above.

25. Twin City admits the allegations contained in Paragraph 25 of the Complaint.

26. To the extent that the allegations in Paragraph 26 assert legal conclusions concerning Radianse's rights under the Policy, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 26 of the Complaint.

27. To the extent that the allegations in Paragraph 27 assert legal conclusions concerning liability, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 27 of the Complaint.

28. To the extent that the allegations in Paragraph 28 assert legal conclusions concerning liability, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 28 of the Complaint.

## COUNT II
### Breach of Contract – Failure to Indemnify

29. Twin City repeats and incorporates as though set forth fully herein the responses contained in Paragraphs 1 through 28 above.

30. To the extent that the allegations in Paragraph 30 assert legal conclusions concerning liability, no response is required.  To the extent that a response is required, Twin City denies the allegations in Paragraph 30 of the Complaint.

31. To the extent that the allegations in Paragraph 31 assert legal conclusions concerning liability, no response is required.  To the extent that a response is required, Twin City denies the allegations in Paragraph 31 of the Complaint.

32. To the extent that the allegations in Paragraph 32 assert legal conclusions concerning liability, no response is required.  To the extent that a response is required, Twin City denies the allegations in Paragraph 32 of the Complaint.

**COUNT III**
**Liability under M.G.L. c. 176D**

33. Twin City repeats and incorporates as though set forth fully herein the responses contained in Paragraphs 1 through 32 above.

34. M.G.L. c. 176D § 3(9)(a) is a statute that speaks for itself.  To the extent that a response is required, Twin City denies the allegations in Paragraph 34 of the Complaint.

35. To the extent that the allegations in Paragraph 35 assert legal conclusions concerning liability, no response is required.  To the extent that a response is required, Twin City denies the allegations in Paragraph 35 of the Complaint.

36. To the extent that the allegations in Paragraph 36 assert legal conclusions concerning liability, no response is required.  To the extent that a response is required, Twin City denies the allegations in Paragraph 36 of the Complaint.

37. To the extent that the allegations in Paragraph 37 assert legal conclusions concerning liability, no response is required.  To the extent that a response is required, Twin City denies the allegations in Paragraph 37 of the Complaint.

## COUNT IV
## Liability under M.G.L. c. 93A

38. Twin City repeats and incorporates as though set forth fully herein the responses contained in Paragraphs 1 through 37 above.

39. To the extent that the allegations in Paragraph 39 assert legal conclusions concerning liability, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 39 of the Complaint.

40. To the extent that the allegations in Paragraph 40 assert legal conclusions concerning liability, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 40 of the Complaint.

41. To the extent that the allegations in Paragraph 41 assert legal conclusions concerning liability, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 41 of the Complaint.

42. To the extent that the allegations in Paragraph 42 assert legal conclusions concerning liability, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 42 of the Complaint.

43. To the extent that the allegations in Paragraph 43 assert legal conclusions concerning liability, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 43 of the Complaint.

## COUNT V
## Breach of the Obligation of Good Faith and Fair Dealings

44. Twin City repeats and incorporates as though set forth fully herein the responses contained in Paragraphs 1 through 43 above.

45. Twin City admits that both it and Plaintiff have an obligation of good faith and fair dealing under the Policy. Twin City denies that it in any way violated its obligation of good faith and fair dealing under the Policy.

46. To the extent that the allegations in Paragraph 46 assert legal conclusions concerning liability, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 46 of the Complaint.

47. To the extent that the allegations in Paragraph 47 assert legal conclusions concerning liability, no response is required. To the extent that a response is required, Twin City denies the allegations in Paragraph 47 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the claim in the AccountAbility Case (the "AccountAbility Claim") for which Plaintiff is seeking coverage is not covered by the Policy.

### THIRD AFFIRMATIVE DEFENSE

Twin City had a reasonable and appropriate basis for denying coverage to Radianse.

### FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Twin City acted in good faith in the handling, disposition, and determination of the claims presented under the Policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff seeks coverage for matters based

upon, arising from, or in any way related to liability under any contract or agreement, as set forth in Section (V) (A) (1) of the Policy.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff seeks coverage for matters based upon, arising from, or in any way related to any deliberately fraudulent act or omission or any willful violation of law as set forth in Section IV (L) of the Policy or as such conduct is or may be uninsurable by law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff seeks coverage for any matters based upon, arising from or in any way related to gaining of any personal profit, remuneration or advantage to which Plaintiff is not legally entitled as set forth in Section IV (K) of the Policy as amended by Endorsement 2.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff seeks coverage for any matters based upon, arising from, or in any way related to unfair trade practices, as set forth in Section (V) (A) (6) of the Policy as amended by Endorsement 2.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff seeks coverage for any matters based upon, arising from, or in any way related to the knowing breach of a contractual obligation.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the claims contained in its Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The Accountability Claim was asserted against both Plaintiff and Ms. Diane Marcou, a former employee of AccountAbility Outsourcing, Inc. ("AccountAbility").  The amounts Plaintiff seeks from Twin City relate to the defense and settlement of AccountAbility's claims against both Plaintiff and Ms. Marcou.  If any portion of the AccountAbility Claim were covered (which Twin City specifically denies), Section XI of the Policy, as amended by Endorsement 1, would entitle Twin City to allocate between those amounts that were covered and those amounts that were uncovered.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the Plaintiff seeks coverage for any matters based upon, arising from, or in any way related to any individual insured serving as a director, officer, or employee of any Entity other than Radianse, as set forth in Section IV (G) of the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Twin City reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmative defense under applicable laws and rules.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Complaint should be dismissed in its entirety with prejudice, Twin City should be awarded its attorneys' fees and costs in defending this action as allowed by law, and the Court should grant Twin City such other relief as it deems just and proper.

Dated:  March 15, 2010             Respectfully submitted,

TWIN CITY FIRE INSURANCE COMPANY

By its attorneys,

/s/ Craig E. Stewart\
Craig E. Stewart (BBO # 480440)\
Jonathan Toren (BBO # 674779)\
Edwards Angell Palmer & Dodge, LLP\
111 Huntington Avenue\
Boston, MA 02199-7613\
Tel.:  (617) 239-0764\
Fax:  (617) 227-4420

## **CERTIFICATE OF SERVICE**

I, Jonathan Toren, hereby certify that a true and accurate copy of the foregoing document has been filed and served through the Court's electronic filing system this 15th day of March 2010.

/s/ Jonathan Toren_____