UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RADIANSE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TWIN CITY FIRE INSURANCE COMPANY <br><br> Defendant. | Civil Action No. 10-10120-RGS |

STATEMENT OF UNDISPUTED FACTS OF PLAINTIFF RADIANSE, INC.
PURSUANT TO RULE 56.1 IN SUPPORT OF
THE MOTION FOR SUMMARY JUDGMENT OF RADIANSE, INC.

Plaintiff Radianse, Inc. ("Radianse") hereby submits the following Statement of Undisputed Facts with references to supporting evidence.

1. Insurance Policy 00 KB 0222077-07 (the "Policy") was issued to Radianse by Twin City Fire Insurance Company ("Twin City") and covers the period from June 11, 2007 to June 11, 2008.  *See* Deneke Aff,[1] Ex. A (the Policy) at 1.

2. In March 2008, AccountAbility filed a complaint against Radianse and Diane Marcou: *AccountAbility Outsourcing, Inc. v. Marcou et al.* (Superior Court, Commonwealth of Massachusetts) Civ. Action No. 08-1379-F (hereinafter "the AccountAbility Action").  *See* Deneke Aff, Ex. B (the Complaint) at 1-16.

3. Ms. Marcou was a former consultant for AccountAbility.  *Id.* at 1.

---

[1] All references to "Deneke Aff" refer to the Affidavit of Catherine C. Deneke filed herewith and the Exhibits attached thereto.

4. In the AccountAbility Action, AccountAbility alleged that Ms. Marcou consulted with AccountAbility for approximately 18 months. *Id.* at ¶ 7.

5. In the AccountAbility Action, AccountAbility alleged that during the 18 months Ms. Marcou consulted for AccountAbility, she worked with a number of companies. During this period, she served as interim Chief Financial Officer ("CFO") for Radianse. *Id.* at ¶¶ 2, 7.

6. In the AccountAbility Action, AccountAbility alleged that when Ms. Marcou left her role as consultant with AccountAbility, Radianse approached Ms. Marcou to request that she continue to provide services to Radianse. *Id.* at ¶ 38.

7. In the AccountAbility Action, AccountAbility asserted claims for tortious interference and violations of M.G.L. ch. 93A against Radianse. *Id.* at ¶¶ 56-68.

8. In the AccountAbility Action, AccountAbility's claim for tortious interference against Radianse asserted that "as a result of Radianse's tortious interference with the [consulting agreement between Ms. Marcou and AccountAbility], AccountAbility has suffered and will suffer irreparable harm and other damages." *Id.* at ¶ 62.

9. In the AccountAbility Action, as part of AccountAbility's 93A claim, it asserted: "AccountAbility is entitled to equitable relief, including injunctive relief, enjoining Radianse from taking, receiving, transferring, using, or disposing of any and of all AccountAbility's property and AccountAbility's confidential, proprietary or trade secret information taken by Defendants, and an order requiring them to return any such property or information taken." *Id.* at ¶ 68.

10. Radianse submitted a claim for coverage under the Policy, but Twin City denied the claim, refusing to provide defense or indemnification. *See* Deneke Aff, Ex. C.

11. In explaining its denial of coverage, Twin City wrote:

> The Twin City Policy excludes coverage for Loss resulting from an Entity Claim where such Loss relates to liability under a contract. Specifically, Exclusion V(A)(l) of the Twin City Policy excludes coverage for Loss for any Claim: "based upon, arising from, or in any way related to any liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement."

*See* Deneke Aff, Ex. D at 7 (quoting the Policy).

|  |  |
|---|---|
|  | Respectfully submitted,<br>RADIANSE, INC.<br>By its attorneys,<br><br> */s/ Jack R. Pirozzolo*<br>Jack R. Pirozzolo (BBO No. 400400)<br>Catherine C. Deneke (BBO No. 673871)<br>Foley Hoag LLP<br>Seaport World Trade Center West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210-2600<br>Telephone:  617 832 1000<br>Facsimile:  617 832 7000 |
| Dated: August 12, 2010 | jpirozzolo@foleyhoag.com |

Certificate of Service

I, Jack R. Pirozzolo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jack R. Pirozzolo*
Jack R. Pirozzolo