UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RADIANSE, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>TWIN CITY FIRE INSURANCE COMPANY <br><br>　　　　　Defendant. | Civil Action No. 10-10120-RGS <br><br>**FILED PURSUANT TO 10/05/10 COURT ORDER** <br><br>**ORAL ARGUMENT REQUESTED** |

**SUR-REPLY OF PLAINTIFF RADIANSE, INC.
TO TWIN CITY FIRE INSURANCE COMPANY'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

　　Plaintiff Radianse, Inc. ("Radianse") submits this sur-reply memorandum in response to Twin City Fire Insurance Company's Reply in Support of its Motion for Summary Judgment (ECF No. 38) ("Twin City's Reply").

### A.　**Twin City has Altered its Interpretation of the Exclusion**

　　Despite its denial in Twin City's Reply, Twin City has altered its interpretation of the Exclusion at issue since its original denial. In 2008, Twin City wrote that "the exclusion only applies to 'liability under a contract.'" ECF No. 26, Ex. D at 7 (emphasis in original). Therefore, under Twin City's own interpretation, if the liability at issue is not "liability under a contract" it would be covered. The liability of Radianse arises under tort law and is not liability under a contract. *See* ECF No. 31 at 5 ("under tort law, Radianse had a duty not to cause a breach of her obligations.") The Exclusion does not apply to the liability of Radianse.

### B. Twin City's Precedent regarding Vitiated Coverage is Inapplicable

Twin City argues that the Court's holding in *GE HFS Holdings, Inc. v. National Union Fire Ins. Co of Pittsburgh, PA*, 520 F. Supp. 2d 213 (D. Mass 2007) prohibits this Court from concluding that Twin City's interpretation vitiates coverage. While it is true that the Court in *GE HFS* held that coverage was not vitiated in that instance, the *GE HFS* exclusion was not as broad as Twin City argues the Exclusion in this case should be read. The *GE HFS* exclusion eliminated coverage for claims "alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company or an Insured under any express (written or oral) contract or agreement." *Id.* at 228. If that exclusion were at issue here, even Twin City would not be able to deny coverage as there is no "contractual liability . . . of an Insured" because any liability of Radianse did not flow from the contract.

### C. Ms. Marcou's Continued Relationship with AccountAbility was not Mandated by the Contract

In arguing that Radianse would not have been liable in the absence of a contract, Twin City states that "the only reason" AccountAbility expected a continued relationship with Ms. Marcou was because of the contract at issue. This is false. AccountAbility expected a continued relationship with Ms. Marcou because Ms. Marcou had agreed to stay on, in a limited function, after her official resignation from AccountAbility. This relationship continued because certain clients of AccountAbility approached the company asking for Ms. Marcou to continue working for them. *See* ECF No. 26, Ex. B at 6 (two companies "each separately informed AccountAbility that Marcou was completing an FAS 123R project for them, and that they needed Marcou to complete the work. AccountAbility negotiated a higher rate for Marcou with both [companies] for Marcou's services following her resignation date with AccountAbility, and approved Marcou to work . . . past her resignation date of January 18, 2008.") Ms. Marcou was not inseparably

bound to AccountAbility; her consulting contract did not obligate her to stay. In the absence of the agreement, if the other variables remained the same, AccountAbility would still have a claim against Radianse for interference.

### D. Interference is not a "Contractual Right"

Plaintiff argues that, in addition to being a property right, a claim for interference with a contract is also a contractual right. Plaintiff cites no case law to support this proposition. A claim for interference with a contract is not a contractual right, it is a right under tort. *See Davric Maine Corp. v. U.S. Postal Service*, 238 F.3d 58, 64 (1st Cir. 2001) (tortious interference claim "ar[o]se under" tort law); RESTATEMENT (SECOND) OF TORTS § 774A cmt. D (1979) ("The action for interference with contract is one in tort.").

### E. The Bad Faith Claims of Radianse must Survive

Twin City argues that Radianse has not shown sufficient evidence of a 93A claim, yet it has not denied the facts Radianse asserts. There are no facts in the record at this time that Radianse has not suffered from Twin City's bad faith delay and claims handling. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (proper summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). Twin City has produced no evidence that its claim handling was proper, despite having complete control over its claims files. The only evidence on record is Twin City's considerable delay and the resulting harm to Radianse. Where there is no dispute, Radianse's factual support stands. *See Maldonado-Denis v. Castillo-Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994) (party "must present definite, competent evidence" to rebut a factual assertion). At the very least, this fact is disputed and not appropriate for summary judgment.

Further, not all bad faith claims can be resolved by a decision that coverage was properly denied.  Mass. Gen. Laws ch. 176D affords relief for a wide variety of actions undertaken by insurance companies, which are not limited to merely resolution of coverage issues.  *See, e.g.,* M.G.L. ch. 176D § 3(9)(c) ("Failing to . . . act reasonably promptly upon communications with respect to claims"); M.G.L ch. 176D § 3(9)(e) ("Failing to affirm or deny coverage of claims within a reasonable time"); M.G.L. ch. 176D § 3(9)(n) ("Failing to provide promptly a reasonable explanation of the basis . . . for denial of a claim").  For this reason, the Court's ruling on the interpretation of the contract does not control all bad faith claims.

For the foregoing reasons, Radianse respectfully requests that the Court deny Twin City's Motion for Summary Judgment.

|  |  |
|---|---|
|  | Respectfully submitted,<br>RADIANSE, INC.<br>By its attorneys,<br><br>*/s/ Jack R. Pirozzolo*<br>Jack R. Pirozzolo (BBO No. 400400)<br>Catherine C. Deneke (BBO No. 673871)<br>Foley Hoag LLP<br>Seaport World Trade Center West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210-2600<br>Telephone:  617 832 1000<br>Facsimile:  617 832 7000 |
| Dated: October 6, 2010 | jpirozzolo@foleyhoag.com |

**Certificate of Service**

I, Jack R. Pirozzolo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jack R. Pirozzolo*
Jack R. Pirozzolo