UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10120-RGS

RADIANSE, INC.

v.

TWIN CITY FIRE INSURANCE COMPANY

MEMORANDUM AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT

October 6, 2010

STEARNS, D.J.

At issue in this litigation is an insurance policy issued by defendant Twin City Fire

Insurance Company (Twin City) to plaintiff Radianse, Inc., for the period June 11, 2007,

to June 11, 2008.  The Policy provided Directors and Officers Liability insurance with an

aggregate limit of $1 million, as well as Employment Practices insurance with an aggregate

limit of $1 million.  In March of 2008, a company known as AccountAbility filed a complaint

in Suffolk Superior Court, naming one of its former consultants, Diane Marcou, and

Radianse, as defendants.  Radianse submitted a claim to Twin City for defense and

indemnification, but was denied coverage.  Before the court are the parties' cross-motions

for summary judgment.

BACKGROUND

In the state court action, AccountAbility sued Marcou for breach of her employment

contract.[1]  AccountAbility asserted claims of breach of contract, breach of the implied

_____

[1]During the eighteen-month term of Marcou's employment with AccountAbility, she
was a party to a Consulting Agreement, which provided that:

covenant of good faith and fair dealing, and fraudulent misrepresentation against Marcou. AccountAbility asserted claims against Radianse for: (1) tortious interference with contractual relations and inducement of breach of contract; and (2) violations of the Massachusetts Fair Business Practices Statute, Mass. Gen. Laws ch. 93A. With regard to the tortious interference claim, AccountAbility alleged that "as a result of Radianse's tortious interference with the [Consulting Agreement], AccountAbility has suffered and will suffer irreparable harm and other damages." AccountAbility Compl. ¶ 62. The Chapter 93A claim was premised on facts pled in the Complaint (all of which related to the Consulting Agreement). AccountAbility additionally alleged that it was "entitled to equitable relief, including injunctive relief, enjoining Radianse from taking, receiving, transferring, using, or disposing of any and of all AccountAbility's property and AccountAbility's confidential, proprietary trade secret information taken by defendants, and an order requiring them to return any such property or information taken." Id. at ¶ 68.

Twin City rejected Radianse's claim for defense or indemnification with the explanation that:

> [p]ursuant to the Policy exclusions of Section V of the Directors and Officers part, Twin City shall not pay Loss arising under Insuring Agreement C (Entity Liability) for any Claim "based upon, arising from, or in any way related to any liability under any contract of agreement, provided that this exclusion

---

[d]uring the period which [Marcou] shall provide consulting services to [AccountAbility] and for a period of 24 months thereafter, [Marcou] shall not . . . (2) solicit, divert or take away, or attempt to divert or take away, the business or patronage of any of the clients, customers or accounts, or business or patronage that is derived from clients of [AccountAbility] to which [Marcou] was assigned by [AccountAbility].

AccountAbility Compl. ¶ 14.

shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement."

In the above-referenced complaint, plaintiff alleges that defendant Radianse tortiously interfered with plaintiff's agreement with defendant Marcou. As the wrongful acts alleged against the Insured Entity are related to liability under a contract or agreement, this exclusion precludes coverage for Radianse, Inc. for this matter.

## DISCUSSION

When considering cross-motions for summary judgment, "the court must consider each motion separately, drawing inferences against each movant in turn. . . . Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain." Reich v. John Alden Life Ins. Co., 126 F.3d 1,6 (1st Cir. 1997). The interpretation of a disputed insurance policy is a matter of law for the court. See Nascimento v. Preferred Mut. Ins. Co., 513 F.3d 273, 276 (1st Cir. 2008), citing Herbert A. Sullivan, Inc. v. VHCA Mut. Ins. Co., 439 Mass. 387, 394 (2003). In construing an insurance contract, the court follows the usual rules of contract interpretation. See Brasas Sporting Arms, Inc. v. Am. Enter. Surplus Lines Ins. Co., 220 F.3d 1, 4 (1st Cir. 2000). The court must construe the words of a policy in their usual and ordinary sense, Specialty Nat'l Ins. Co. v. OneBeacon Ins. Co., 486 F.3d 727, 732 (1st Cir. 2007), and a policy whose "provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms." High Voltage Eng'g Corp. v. Fed. Ins. Co., 981 F.2d 596, 600 (1st Cir. 1992).

An insurer in Massachusetts has a duty to defend its insured

if the allegations [in the third-party complaint] are "reasonably susceptible" of an interpretation  that they state or adumbrate a claim covered by the

policy terms. . . . Otherwise stated, the process is one of envisaging what kinds of losses may be proved as lying within the range of allegations of the complaint, and then seeing whether any such loss fits the expectation of protective insurance reasonably generated by the terms of the policy.

Sterilite Corp. v. Cont'l Cas. Co., 17 Mass. App. Ct. 316, 318 (1983). "It is axiomatic that an insurance company's duty to defend is broader than its duty to indemnify. . . . The obligation of an insurer to defend is not, and cannot be, determined by reference to the facts proven at trial. Rather, the duty to defend is based on the facts alleged in the complaint and those facts which are known by the insurer." Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 10-11 (1989), citing Desrosiers v. Royal Ins. Co., 393 Mass. 37, 40 (1984).

At issue in this litigation is Exclusion V(A)(1) of the Policy, which provides that Twin City will not pay a loss for any claim:

based upon, arising from, or in any way related to any liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement.

Radianse first argues that it has a right to defense and indemnification because its liability arose solely out of tort law, as opposed to contract law. Radianse argues that it was not a party to the Consulting Agreement, and could not therefore be held liable for breaches of the agreement. Rather, Radianse argues that AccountAbility accused it of interference with a property right, a claim independent of any alleged contractual breach. While superficially plausible, the argument loses its traction when the express exclusionary language comes into play. Under Exclusion V(A)(1), it is of no consequence that Radianse was not a party to Marcou's contract. The Exclusion does not state that its application is

4

limited to contracts to which Radianse is a party.  Rather, the Exclusion applies to claims "*in any way* related to *any* liability under *any* contract or agreement."  (Emphases added). Here, Radianse was sued based on its alleged interference with Marcou's agreement with AccountAbility.  This allegation fits squarely within the Exclusion's denial of coverage.

Radianse next argues that the final clause of the Exclusion negates its applicability in Radianse's case.  This clause provides that the Exclusion "shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement." Radianse states that this provision compels a finding that Twin City had a duty to defend because, even in the absence of a contract, AccountAbility would have pursued Radianse on a theory of tortious interference.

The argument is tempting, but does not survive a reading of the allegations of the state-court complaint.  As framed, they exclude any possibility that AccountAbility could have sustained a claim for tortious interference without reference to Marcou's contract. According to the allegations of the Complaint, Radianse did not approach Marcou until "following [her] resignation from AccountAbility."  AccountAbility Compl. ¶ 38.  The Complaint does not allege any attempt on Radianse's part to induce Marcou to leave AccountAbility, nor can the facts alleged in the Complaint be read to support a claim for interference with a future renewal of the employment relationship between Marcou and AccountAbility.

As a last grasp, Radianse argues that the Chapter 93A claim resuscitates its right to coverage because the claim as alleged encompasses a broader swath of conduct than

that leading to the claim of tortious interference.  Radianse points to the prayer for relief

in which AccountAbility stated that it was

> entitled to equitable relief, including injunctive relief, enjoining Radianse from
> taking, receiving, transferring, using, or disposing of any and of all
> AccountAbility's property and AccountAbility's confidential, proprietary or
> trade secret information taken by defendants.

Id.  Given the reference in the prayer to the possible misappropriation of trade secrets,

Radianse renews the argument that the spectre of liability loomed even in the absence of

the agreement, because the misappropriation of trade secrets is unlawful whether enjoined

by an agreement or not.  AccountAbility's Complaint, however, does not contain a separate

claim for misappropriation of trade secrets, nor are any facts pled alleging or even hinting

that Radianse had misappropriated any proprietary information.  AccountAbility simply

sought a precautionary injunction preventing Radianse from doing so in the future.[2]

## CONCLUSION

For the foregoing reasons, Radianse's motion for partial summary judgment is

DENIED.  Twin City's motion for summary judgment is ALLOWED.  The Clerk will enter

judgment in favor of Twin City and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[2]Notwithstanding the absence of any pertinent allegation in the Complaint, the
Policy expressly excludes coverage for "any claim . . . based upon, arising from, or in any
way related to infringement of . . . trade secrets, or other intellectual property."  Policy at
¶ V(A)(5).